UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HUNTER,

    Plaintiff,

v.

SCHOOLCRAFT COLLEGE;
PATRICK STURDY, in his individual and
official capacities; and GLENN CERNY,
in his individual and official capacities,

    Defendant.

Case No. 22-cv-12595

Hon. Terrence G. Berg

| SALVATORE PRESCOTT PORTER & PORTER PLLC<br>Jennifer B. Salvatore (P66640)<br>Jessica Lieberman (P68957)<br>David Fegley (P85275)<br>Attorneys for Plaintiff<br>105 East Main Street<br>Northville, MI  48167<br>(248) 679-8711<br>salvatore@sppplaw.com<br>lieberman@sppplaw.com<br>fegley@sppplaw.com | KELLER THOMA, P.C.<br>Gouri G. Sashital (P64628)<br>Attorneys for Defendants<br>26555 Evergreen Road, Suite 550<br>Southfield, MI  48076<br>(313) 965-7610/(313) 965-4480 (fax)<br>gsr@kellerthoma.com |
|---|---|

## **STIPULATED PROTECTIVE ORDER**

Pursuant to the signed Stipulation of counsel for the parties,

**IT IS HEREBY ORDERED** as follows:

1. When used in this Order, "confidential documents" mean documents of a type contemplated by Federal Rule of Civil Procedure 26(c) which a party, in good faith, regards as confidential, proprietary, trade secret(s), or other sensitive

1

business or personal information, including medical records, tax records, educational, financial information, and any sensitive information contained in personnel records. However, the Court in accordance with the provisions of the Federal Court Rules and relevant case law shall, if required, make the ultimate determination of whether information is actually entitled to the designation "Confidential" and nothing in this Order shall be deemed to have altered the parties' burdens in establishing or disputing the propriety of any designation of confidentiality. Confidential documents will be marked "confidential — produced pursuant to protective order" or otherwise designated as "confidential."

2. All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action.

3. Except as provided in Paragraphs 4 and 5, no document designated as confidential and no information contained in a confidential document may be disclosed to any person other than:

   a. The parties;

   b. Counsel for the parties;

   c. Secretaries, paralegal assistants and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

  d. Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action);

  e. Any facilitator/mediator who the parties have agreed to use in this case; or

  f. Court reporters used in this case

4. Except for counsel for the parties in this action and their employees, secretaries and paralegals covered by the provisions of Paragraph 3a, 3b and 3c, disclosure to other persons shall be made only upon the condition that the party disclosing the confidential document or information shall inform the person that he or she shall not use, directly or indirectly, any information from the confidential documents of another party for purposes other than the prosecution or defense of this action or disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

5. A party may designate a record obtained pursuant to a subpoena issued in this matter to a non-party as "confidential". Materials obtained from sources other than the parties to this action or other than pursuant to discovery or voluntary production in this action shall not be deemed subject to this Protective Order,

other than Plaintiff's medical records, which in all cases should be considered and treated as confidential.

6. Whenever a party objects to the designation of a document as confidential, he or she may apply to the Court for a ruling that the document shall not be so treated, giving notice to the party producing the document, or in the case of a subpoenaed record to the party designating the record as confidential. Until this Court enters an Order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for it in this Order.

7. Documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order. In the event that any documents or information covered by this Protective Order are used in any court proceeding, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. In the event that a party includes any documents or information covered by this Protective Order in any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, the parties agree that they will first inquire with the other parties as to whether the documents may be filed in a redacted form to cure the confidentiality concern. If it cannot, such documents or information shall be submitted under

seal. The party designating the document as confidential pursuant to this Order may waive the confidentiality designation by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

8. Nothing in this Order shall prevent any party or nonparty from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

9. Nothing in this Order shall expand the scope of discovery under the Federal Rules of Civil Procedure or constitute a waiver of any party's objections to discovery requests.

10. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any

item proposed for sealing unless the Court has entered an order allowing filing under seal.

Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

Proposed protective orders submitted to the Court for entry should not contain any language that conflicts with the foregoing provision.

IT IS SO ORDERED.

Dated: March 3, 2023 /s/Terrence G. Berg
Honorable Terrence G. Berg
United States District Judge

We hereby stipulate to the entry of the above Order.

| SALVATORE PRESCOTT PORTER & PORTER, PLLC | KELLER THOMA, P.C. |
|---|---|
| /s/ Jennifer B. Salvatore | /s/ Gouri G. Sashital (*with consent*) |
| Jennifer B. Salvatore (P66640) | Gouri G. Sashital (P64628) |
| Jessica Lieberman (P68957) | *Attorneys for Defendants* |
| David Fegley (P85275) | 26555 Evergreen Road, Suite 550 |
| *Attorneys for Plaintiff* | Southfield, MI 48076 |
| 105 East Main Street | T: (313) 965-7610/ F: (313) 965-4480 |
| Northville, MI 48167 | gsr@kellerthoma.com |
| (248) 679-8711 | |
| salvatore@spplaw.com | |
| lieberman@spplaw.com | |
| fegley@spplaw.com | |

Order prepared by Jennifer B. Salvatore (P66640)