UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HUNTER,

       Plaintiff,

v.

SCHOOLCRAFT COLLEGE;
PATRICK STURDY, in his individual and official capacities; and GLENN CERNY, in his individual and official capacities,

       Defendants.

Case No. 22-cv-12595

Hon. Terrence G. Berg

| SALVATORE PRESCOTT PORTER & PORTER, PLLC | KELLER THOMA, P.C. |
|---|---|
| Jennifer B. Salvatore (P66640) | Gouri G. Sashital (P64628) |
| Jessica Lieberman (P68957) | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | 26555 Evergreen Road, Suite 550 |
| 105 E. Main St. | Southfield, MI 48076 |
| Northville, MI 48167 | T: (313) 965-7610/F: (313) 965-4480 |
| T: (248) 679-8711 | gsr@kellerthoma.com |
| salvatore@sppplaw.com | |
| lieberman@sppplaw.com | |

**STIPULATED PROTECTIVE ORDER LIMITING THE SCOPE OF DEFENDANT PATRICK STURDY, ESQ.'S DEPOSITION**

The Parties, through their respective counsel, stipulate as follows:

WHEREAS, Patrick Sturdy ("Sturdy") has been named as a Defendant in this matter;

1

WHEREAS, Sturdy is the General Counsel for Defendant Schoolcraft College ("the College");

WHEREAS, Sturdy, in his capacity as General Counsel, represents the College, which includes providing legal advice to the College on various matters;

WHEREAS, Sturdy is bound by the Michigan Rules of Professional Responsibility and the attorney-client privilege with regard to his representation of the College;

WHEREAS, Plaintiff wishes to depose Sturdy with regard to his involvement in this matter; and

WHEREAS, Sturdy's involvement in this matter includes providing legal advice to the College regarding Plaintiff's employment.

In recognition of the above, the Parties agree as follows:

1. The Parties acknowledge that certain information held by Sturdy, in his capacity as General Counsel, may fall under the attorney-client privilege, while other information may be non-privileged factual information. As Sturdy holds both privileged and non-privileged information, the Parties agree to adhere to the limitations set forth herein.

2. Definitions:

    a. "Plaintiff" shall mean Christopher Hunter.

  b. "Schoolcraft employee" shall mean any past or present employee of Defendant Schoolcraft College, other than Plaintiff.

3. In advance of Plaintiff taking Sturdy's deposition, the parties agree to limit the scope of Sturdy's deposition as follows:

Questions directed at Sturdy shall not:

  a. Seek attorney-client privileged information of any sort, including pertaining to Sturdy's involvement in hiring, firing, or other employment decisions related to Plaintiff, where the purpose of Sturdy's involvement was to provide legal counsel and guidance to the College or its employees;

  b. Seek attorney-client privileged information of any sort involving or pertaining to Plaintiff, where Sturdy learned of or obtained the information in the course of providing legal counsel and guidance to the College or its employees.

4. Should a dispute arise as to whether information sought from Sturdy is privileged, the Parties agree to make a reasonable effort to resolve the dispute while the deposition is ongoing.

5. Where the Parties cannot agree on whether Defendants have properly asserted the attorney-client privilege, Plaintiff may seek a ruling from the Court on the disputed assertion of privilege. In this event, Plaintiff shall proceed with Sturdy's

3

deposition, and the deposition will be held open until the Court issues a ruling on the dispute or the Parties otherwise resolve the dispute at a later time. Should Plaintiff prevail in such a dispute, the deposition shall resume as soon as practicable, and Plaintiff's questioning shall be limited only to those topics that relate to or flow from information previously withheld based on the assertion of privilege.

6. Defendants retain the right to raise the attorney-client privilege, assert a privilege not otherwise mentioned herein, or object to Plaintiff's questioning on other grounds consistent with the Federal Rules of Civil Procedure. This Protective Order does not limit the scope of Defendants' privilege, rights, or ability to raise such objections.

7. This Order shall continue in effect unless otherwise ordered by the Court. This Order shall not prevent any party from applying to the Court for further or additional protective orders, from propounding objections to discovery, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

SO STIPULATED AND ORDERED.

/s/Terrence G. Berg
Hon. Terrence G. Berg
UNITED STATES DISTRICT JUDGE

Dated:  August 28, 2023


/s/ Jennifer B. Salvatore *(w/consent)*
JENNIFER B. SALVATORE (P66640)
Attorney for Plaintiff

/s/ Gouri G. Sashital
GOURI G. SASHITAL (P64628)
Attorney for Defendant

Dated:   August 25, 2023